UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN HAYDEL** | *CIVIL ACTION NO. 09-3032 |
| and **LILLIAN HAYDEL** | * |
| | * |
| **VERSUS** | *SECTION "C" |
| | *JUDGE BERRIGAN |
| **HEALTHSMART BENEFIT** | * |
| **SOLUTIONS, INC. f/k/a AMERICAN** | *MAGISTRATE 3 |
| **ADMINISTRATIVE GROUP, INC.** | *MAG. KNOWLES |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Glenn Haydel and Lillian Haydel, and submit the following Memorandum in Opposition to Motion to Dismiss filed by defendant, HealthSmart Benefit Solutions, Inc. ("HealthSmart"). For the reasons which follow, HealthSmart's Motion to Dismiss should be denied.

At the outset, it should be noted that HealthSmart's motion does not seek a full dismissal of plaintiffs' claims against it. Indeed, HealthSmart's motion focuses solely on the Haydels' claim for payment of medical benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B).

Thus, in the event this Honorable Court grants HealthSmart's motion, the Haydels' claims under 29 U.S.C.A. § 1132(c)(1) and their claims for other incidental and general damages still remain. Consequently, HealthSmart's motion should more aptly be titled a *Partial* Motion to Dismiss.

Plaintiffs submit that their 29 U.S.C.A. § 1132(a)(1)(B) claim against HealthSmart is not appropriately disposed of via a 12(b)(6) Motion to Dismiss, as discovery is required in order to properly assess the validity of defendant's motion. The cases cited by HealthSmart involved situations where it was clear that the "non-plan" defendants dismissed were simply third-party administrators and had no further involvement and/or control in the decision-making and administration with regards to their respective plans. Indeed, other Federal Circuits have recognized a cause of action against entities other than the plan itself in those instances where the non-plan entities acted with sufficient authority in the administration of the plan.[1]

In this instance, while HealthSmart makes the self-serving assertion that it acted only as a third-party administrator, plaintiffs should be allowed to conduct preliminary discovery in order to confirm and/or refute same. Plaintiffs readily concede that discovery may reveal that Transit Management of Southeast Louisiana ("TMSEL"), and not HealthSmart, is the proper defendant for purposes of their 29 U.S.C.A. § 1132(a)(1)(B) claim. Nevertheless,

---

[1] See *Curcio v. John Hancock Mutual Life Insurance Co.*, 33 F.3d 226 (3rd Cir. 1994); see also *Layes v. Mead Corp.*, 132 F.3d 1246 (8th Cir. 1998); *Garren v. John Hancock Mutual Life Insurance Co.*, 114 F.3d 186 (11th Cir. 1997); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1998).

defendant's Motion to Dismiss should be denied and discovery should be allowed to commence in order to determine the full extent of HealthSmart's role in the handling and administration of the plan in question.

Additionally, while a claim for benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B) arguably may not be made against the administrator, a claim for any and all appropriate equitable relief pursuant to 29 U.S.C.A. § 1132(a)(3)(B) may be brought against the plan administrator, in this case, HealthSmart.  The damages recoverable pursuant to 29 U.S.C.A. § 1132(a)(3)(B) are substantially similar to those damages recoverable pursuant to 29 U.S.C.A. § 1132(a)(1)(B) – namely, repayment of out-of-pocket expenses paid by plaintiffs as a result of HealthSmart's wrongful denial of coverage and any and all other incidental damages resulting therefrom.  Thus, whether styled as a claim pursuant to 29 U.S.C.A. § 1132(a)(1)(B) or a claim pursuant to 29 U.S.C.A. § 1132(a)(3)(B), plaintiffs have a valid claim against HealthSmart for the recovery of damages resulting from HealthSmart's negligence and wrongful denial of coverage.

Based upon the above and foregoing, HealthSmart's Motion to Dismiss should be denied.

>Respectfully submitted,
>
>*/s/ Kevin F. Truxillo*
>DARRIN L. FORTE, Bar No. 26885
>KEVIN F. TRUXILLO, Bar No. 30769
>GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
>909 Poydras Street, Suite 1800
>New Orleans, Louisiana 70112
>Telephone: (504) 527-0680
>Facsimile: (504) 527-0686
>Email: ktruxillo@garrisonyount.com
>Attorneys for Glenn Haydel and Lillian Haydel

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Covert J. Geary, Bar No. 14280
>Jones, Walker, Waechter, Poitevent,
>Carrère, & Denègre, L.L.P.
>201 St. Charles Avenue, 49th Floor
>New Orleans, Louisiana 70170

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

>None.

>*/s/ Kevin F. Truxillo*
>KEVIN F. TRUXILLO, Bar No. 30769