**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GLENN HAYDEL and LILLIAN HAYDEL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 09-3032** |
| | ) | |
| **v.** | ) | **SECTION "C"** |
| | ) | **JUDGE BERRIGAN** |
| **HEALTHSMART BENEFIT SOLUTIONS,** | ) | |
| **INC. f/k/a AMERICAN ADMINISTRATIVE** | ) | **MAGISTRATE 3** |
| **GROUP, INC.,** | ) | **MAG. KNOWLES** |
| | ) | |
| **Defendant.** | ) | |

**REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Defendant, HealthSmart Benefit Solutions, Inc. ("HBS"), through its undersigned counsel, hereby files its Reply Memorandum in Response to Plaintiffs' Opposition to Defendant's Motion to Dismiss.

Nothing alleged in Plaintiffs' Complaint or argued in their Opposition to Defendant's Motion to Dismiss ("Opposition") "nudge[s] their claims across the line from conceivable to plausible, [and therefore,] their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' Opposition, which cites no precedent other than for the notion that in other Circuits a plan administrator may face liability under ERISA for exercising control over the Plan, essentially rests on three arguments. As explained in detail below, all three arguments fail as a matter of law.

**1. In This Court An Employee Benefit Plan Is The *Only* Proper Party In An Action For Recovery Of Plan Benefits Pursuant To ERISA 502(a)(1)(B)**

Plaintiffs first argue that their Complaint should not be dismissed because "discovery is required in order to properly asses the validity of defendant's motion." (Opposition, pg. 2). In

support thereof, Plaintiffs assert that "other Federal Circuits have recognized a cause of action against entities other than the plan itself…." (*Id.*)  As an initial matter, none of the cases cited by Plaintiffs (decisions by the Third, Sixth, Eighth and Eleventh Circuits) are binding on this Court. Moreover, this Court has already held on at least *four* occasions that "the Plan is the *only* proper party for any cause of action under section (a)(1)(B) for recovery of Plan benefits." *Sullivan v. Monsanto Co.*, 555 F. Supp. 2d 676, 685 (E.D. La. 2008) (emphasis added); *Cuccia v. Roberson Advertising Services, Inc.*, No. 04-1293 Section "T" (5), 2004 U.S. Dist. LEXIS 19486, at *5 (Sept. 27, 2004); *Williams v. Spencer*, No: 00-1694 SECTION: "D"(4), 2001 U.S. Dist. LEXIS 7052, at *1 (E.D. La. May 24, 2001); *Roig v. Limited Long Term Disability Program*, No. 99-2460 Section: "R" (2), 2000 U.S. Dist. LEXIS 11379, at *27 (E.D. La. Aug. 4, 2000), *aff'd*, 275 F.3d 45 (5th Cir. 2001).

In addition, *all* of the cases cited by Plaintiffs have been expressly considered by this Court, which concluded that none of them supported a holding that a participant or beneficiary could recover from any entity other than the employee benefit plan in a claim for benefits under ERISA Section 502(a)(1)(B):

> With regard to plaintiff's first cause of action, there is a split in authority regarding whether a plan is the only proper defendant in a suit to recover benefits under ERISA. In *Gelardi v. Pertec Computer Corp.*, the Ninth Circuit held that ERISA permits suits to recover benefits under *section 1132(a)(1)(B)* to be brought only against the plan as an entity. *761 F.2d 1323, 1324-25 (9th Cir. 1985)* (per curiam). *Accord Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997)* ("It is true that ERISA permits suits to recover benefits only against the plan as an entity.") (*citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)); Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993)* (same).

> * * *

> By contrast to *Gelardi*, the Third Circuit has held that ERISA permits an entity other than a plan to be sued to recover benefits if that entity is a fiduciary with sufficient discretionary authority and responsibility in the administration of the

plan. *See **Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994)**. See also **Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998)*** (proper party against whom claim for ERISA benefits may be brought is party that controls administration of the plan); ***Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997)*** (same); ***Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988)*** (employer can be proper party defendant in action under *section 1132(a)(1)(B)* if shown to control plan administration). Notably, the *Curcio* court ultimately found the employer liable, not under *section 1132(a)(1)(B)*, but under *section 1132(a)(3)* for making misrepresentations to its employees regarding the scope of its new life insurance plan. *33 F.3d at 235.* Thus, it did not address the effect of *section 1132(d)(2)* and whether an entity other than a plan could be held liable for the denial of benefits under *section 1132(a)(1)*. **This Court's review of the *Curcio* line of cases allowing both plans and fiduciaries to be named as proper party defendants under *section 1132(a)(1)* has uncovered no case in which a court authorized relief against any entity other than the plan itself for wrongful denial of plan benefits.** Although the Fifth Circuit has not yet addressed this issue, other district courts in this circuit have agreed with the Ninth Circuit's holding in *Gelardi* that the only proper defendant in a suit to recover benefits is the plan. *See, e.g., Murphy v. Wal-Mart Assocs.' Group Health Plan, 928 F. Supp. 700 (E.D. Tex. 1996)* (no action against claims administrator for recovery of benefits under *section 1132(a)(1)(B)*); *Crawford v. Exxon Corp., 851 F. Supp. 242, 244 (M.D. La. 1994)* (granting summary judgment in Exxon's favor "because ERISA only provides for suits against the Plan as an entity to recover benefits"); *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan, 76 B.R. 563, 570 (N.D. Tex. 1987)* (*citing Gelardi* and *29 U.S.C. § 1132(d)*), *aff'd, 862 F.2d 513 (5th Cir. 1988).* **Because the Court finds no authority for holding a plan administrator individually liable for the denial of benefits under *section 1132(a)(1)(B)*, the Court concludes that the Plan is the only proper party defendant to plaintiff's claim under this section.**

*Roig*, 2000 U.S. Dist. LEXIS 11379, at *27 (emphasis added).

Because this Court has already held that an employee benefit plan is the *only* proper party in an action for recovery of plan benefits pursuant to ERISA 502(a)(1)(B), Plaintiffs' claim for benefits against HBS should be dismissed as a matter of law.

**2.     Because HBS Is Not An Employee Benefit Plan, And Therefore, Not A Proper Defendant, Discovery Is Not Necessary To Evaluate HBS's Role With Respect To The "Health Insurance Plan" And Any Claims For Benefits Under Section_502(A)(1)(B) Against HBS Should Be <u>Dismissed As A Matter Of Law</u>**

Plaintiffs next contend that "defendant's Motion to Dismiss should be denied and discovery should be allowed to commence in order to determine the full extent of HealthSmart's role in the handling and administration of the plan in question." (Opposition, pg. 3). Rule 12(b)(6) does not contemplate discovery; indeed, it contemplates the narrowing or resolution of issues before discovery. Fed. R. Civ. P. 12(b)(6). Facial challenges to the legal sufficiency of a claim, such as Defendant's Motion to Dismiss Plaintiffs claim for benefits based on failure to state a claim for relief, should, however, be resolved before discovery begins. Since all factual allegations asserted in the Complaint are presumed true, except for conclusory allegations or legal conclusions masquerading as factual conclusions, there are no issues of fact and such a dispute always presents a purely legal question. *See Feingold v. Louisiana*, No. 95-482 SECTION 'K", 1995 U.S. Dist. LEXIS 7307, at *2 (E.D. La. May 18, 1995) ("A Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted under FRCP 12(b)(6) tests the 'legal sufficiency' of the claims asserted in the complaint. The court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy."). Therefore, neither the parties nor the Court have any need for discovery before the Court rules on Defendant's Motion. *See Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662 SECTION "A" (3), 2008 U.S. Dist. LEXIS 55356, at *4-5 (E.D. La. July 10, 2008) ("Defendant correctly states that no discovery will be needed to resolve the motion to dismiss under Fed. R. Civ. P. 12(b)(6). Such motions are decided on the face of the complaint.").

In fact, the exact argument made by Plaintiffs here was asserted *and rejected* by this Court as recently as last year in *Sullivan*:

> Defendants next argue that only the Plan is the proper Defendant in an action brought pursuant to *section 1132 (a)(1)(B)*. Further, because there are not and cannot be any allegations that any of the other Defendants (i.e. the individuals and corporations) breached any cognizable duty to the Plaintiffs because the Plan was validly amended. Hence, Defendants argue dismissal of these non-Plan Defendants is also appropriate. Alternatively, Defendants argue that even if the Court finds the amendment was not valid, Defendants [argue] the individuals [] should be dismissed because "changing the Plan" cannot support a claim for breach of fiduciary duty. Finally, Defendants argue that even if the act of amending the Plan [was] sufficient to impose a fiduciary obligation, the Defendants are not alleged to have had any role in the Plan's amendment and therefore, the individual Defendants that have been served should be dismissed.

> Plaintiffs counter that dismissal of the individual Defendants at this stage of the litigation is premature because discovery will provide the specifics of the non-Plan Defendants role in this matter. Second, Plaintiffs argue that the fiduciary duty violation causes of action are not limited to the amendment.

> Defendants are correct that the Plan is the only proper party for any cause of action under *section (a)(1)(B)* for recovery of Plan benefits. *See Powell v. Eustis Engineering Co., 2003 U.S. Dist. LEXIS 20046, 2003 WL 22533650 at * 2 (E.D. La. 2003)*(Engelhardt, J.) Accordingly, Defendants' Motion to Dismiss is GRANTED to the extent that it requests that the allegations in the Amended Complaint pursuant to *(a)(1)(B)* against all Defendants but the Plan itself be dismissed.

555 F. Supp. 2d at 685 (record cites omitted).

Plaintiffs' claim for benefits against HBS should similarly be dismissed.  Here, Plaintiffs specifically alleged in their Complaint that Defendant HBS "issued and/or administered the health insurance plan" under which Plaintiffs seek medical benefits.  (Compl. ¶¶  IV, V.)  No where in the Complaint do Plaintiffs allege that HBS is an employee benefit plan itself.  Even though a district court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" (*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th

Cir. 2004))), "[t]he court is not required to 'conjure up unpled allegations' to save a complaint." Accordingly, because HBS is not an employee benefits plan (and Plaintiffs have failed to allege that HBS is such an entity), Plaintiffs have no claim for benefits under ERISA Section 502(a)(1)(B) against Defendant HBS.

### 3. Plaintiffs Have Not, And Could Not, Bring An Additional Claim For Benefits Under ERISA Section 502(a)(3)

Plaintiffs oddly argue that their claim could survive Defendant's motion to dismiss *if it had been styled as a claim for "appropriate equitable relief" pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3)(B).  (Opposition, pg. 3).  First and foremost, Plaintiffs have not asserted any such claim in their Complaint.  Although Plaintiffs' prayer for relief alludes to injunctive relief, the Complaint makes absolutely no mention of 29 U.S.C. § 1132(a)(3)(B).

Nevertheless, even if Plaintiffs are now attempting to assert an ERISA 502(a)(3) claim against HBS in addition to their claim for benefits under 502(a)(1)(B), Plaintiffs 502(a)(3) claim would similarly fail.  In *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), the Supreme Court held that ERISA Section 502(a)(3) is a "catchall" provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations for which Section 502 does not otherwise provide an adequate remedy.  ERISA Section 1132(a)(1)(B) expressly provides participants and beneficiaries of an employee benefits plan with an adequate remedy by allowing them "to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B). Plaintiffs allege that "[p]ursuant to 29 U.S.C.A. § 1132(a)(1)(B), plaintiffs are entitled to recover the benefits owed to them under the Plan."  (Compl., ¶ VXI).  Because Plaintiffs have an adequate relief available for the alleged improper denial of benefits through their right to sue the "health insurance plan" directly under section 1132(a)(1), additional relief through the application of Section 1132(a)(3) would be inappropriate.  *See Estate of Bratton v. National*

*Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) ("the plaintiff in this purported § 502(a)(3) action is seeking only disability benefits allegedly due under the NUFI policy for which § 502(a)(1)(B) affords an adequate remedy.  Accordingly, the plaintiff cannot use a § 502(a)(3) *Varity* action in this case to preserve the district court's judgment in its favor."); *Sulliva*n, 555 F. Supp. 2d at 684 ("The Supreme Court and Fifth Circuit case law is clear that where appropriate relief is available under (a)(1) then relief under (a)(3) is not available  for the same claims.").

Furthermore, contrary to Plaintiffs' assertion, generally damages recoverable pursuant to Section 502(a)(3) are *not* "substantially similar" to those damages recoverable pursuant to Section 502(a)(1)(B).[1]  (Opposition, pg. 3).  ERISA Section 502(a)(1)(B) provides that a civil action may be brought to recover benefits due or to enforce rights under the terms of an employee benefit plan.  *See* 29 U.S.C. § 1132(a)(1)(B).  In comparison, Section 502(a)(3) provides for relief apart from an award of benefits due under the terms of a plan.  Under that section, a plaintiff may bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations . . . ." 29 U.S.C. § 1132(a)(3) (emphasis added).  Section 502(a)(3)(B), by its terms, only allows for *equitable* relief.  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 , 221 (2002).  Equitable relief includes only "those categories of relief that were *typically* available in equity."  *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256

---

[1] There are other significant distinctions between a Section 502(a)(1)(B) claim and one under Section 502(a)(3). For example, allowing a Section 502(a)(1)(B) action to be recast as one under Section 502(a)(3) would permit Plaintiffs to circumvent safeguards for the "health insurance plan" that have developed under Section 502(a)(1)(B). Among these safeguards is the requirement that a participant exhaust the administrative remedies mandated by ERISA 503, 29 U.S.C. § 1133, before filing suit under Section 502(a)(1)(B).  *See Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.,* 215 F.3d 475, 479 (5th Cir. 2000) (citing *Denton v. First Nat'l Bank of Waco,* 765 F.2d 1295, 1300 (5th Cir. 1985)).  Equally significant, the Supreme Court has held that ERISA plans may grant administrators and fiduciaries discretion in determining benefit eligibility and the meaning of plan terms, decisions that this Court may review only for an abuse of discretion.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

(1993).  Awards for money damages, including compensatory damages, would not constitute "other appropriate equitable relief" within the meaning of ERISA Section 502(a)(3).  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("Almost invariably … suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.") (citing *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988)); *Mertens*, 508 U.S. at 256; *Corcoran v. United Health Care, Inc.,* 965 F.2d 1321, 1335, 1339 (5th Cir. 1992) (finding that a plaintiff may not recover damages for emotional distress under Section 502(a)(3) of ERISA).

Ironically, what is substantially similar with regard to the damages recoverable under ERISA Section 502(a)(1)(B) and 502(a)(3) is that neither section permits Plaintiffs to recover the extracontractual damages, such as the out-of-pocket expenses and compensatory damages for emotional distress (Complaint, ¶¶ XVI, XVI), they seek in their Complaint.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (rejecting claim for extracontractual damages for failure timely to provide benefits in part because "the statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan – § 502(a)(1)(B) – says nothing about the recovery of extracontractual damages"); *Medina v. Anthem Life Ins. Co.,* 983 F.2d 29, 30 (5th Cir. 1993) ("The plain language of [502(a)(1)(B)] does not mention recovery of extracontractual . . . damages.  Nothing in the statute instructs us to fashion a federal common law remedy to grant plaintiffs the right to recover punitive or extracontractual damages."*)*; *Corcoran,* 965 F.2d at 1335 ("Damages that would give a beneficiary more than he or she is entitled to receive under the strict terms of the plan are typically termed "extracontractual.");

*Cobb v. Entergy Corp. Companies' Benefits Plus Medical Plan*, No. 97-3988 SECTION: E/2, 1998 U.S. Dist. LEXIS 8571, at *7-8 (E.D. La June 2, 1998) (in a denial of benefits claim the Court held that "the civil enforcement provision of ERISA does not allow recovery for extracontractual or punitive damages.   Thus, to the extent that plaintiff seeks any extracontractual or punitive damages, these claims will not lie.").

## CONCLUSION

Based on the foregoing, as well as the reasons set forth in Defendant's Motion to Dismiss, Plaintiffs' claim for benefits pursuant to ERISA Section 502(a)(1)(B) against Defendant, HBS should be dismissed in its entirety with prejudice.

Dated: June 9, 2009

Respectfully submitted,

/s/ Covert J. Geary
COVERT J. GEARY (#14280)
Jones, Walker, Waechter, Poitevent, Carrère
   & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8276
Telecopier: (504) 589-8276

**Counsel For Defendant HealthSmart Benefit Solutions, Inc. f/k/a American Administrative Group, Inc.**

## CERTIFICATE OF SERVICE

I certify that on June 9, 2009, a true and correct copy of the foregoing Reply Memorandum in Response to Plaintiffs' Opposition to Defendant's Motion to Dismiss was served upon all counsel of record by filing the same in this Court's CM/ECF system.  For those attorneys not participating in CM/ECF, a copy of the same has been served via first class United States mail, postage prepaid.

/s/ Covert J. Geary
COVERT J. GEARY

{N1994347.3}

10