# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN HAYDEL and LILLIAN HAYDEL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3032** |
| **HEALTHSMART BENEFIT SOLUTIONS, INC. f/k/a AMERICAN ADMINISTRATIVE GROUP, INC.** | **SECTION: "C" (3)** |

## ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss filed by Defendant, HealthSmart Benefit Solutions, Inc. f/k/a American Administrative Group, Inc. ("HBS"), in which it argues that it is not the proper defendant to the claim for benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") filed by the plaintiffs, Glenn Haydel and his wife, Lillian Haydel. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

In their complaint, Plaintiffs claim that Glenn Haydel was covered under a health insurance plan issued and/or administered by HBS ("the Plan"), and that his wife was also a covered beneficiary under the Plan. Rec. Doc. 1 at 2. They claim that the Plan issued and/or administered by HBS is an ERISA plan and is therefore governed by 29 U.S.C.A. §§ 1001, *et seq*.

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

Plaintiffs stated that in 2008, Lillian Haydel underwent medical treatment and that prior to said treatment, the medical providers verified her coverage under the Plan with HBS. *Id*. After medical treatment, Plaintiffs claim coverage was denied by HBS. *Id*. at 3.

Following the denial of coverage, plaintiffs allege they were informed that Lillian Haydel's coverage had been terminated in December 2007 and that Glenn Haydel's coverage under the Plan remained in effect but would be terminated in the near future. *Id*. Plaintiffs also claim that HBS did not provide notice of termination of coverage and/or notice of COBRA Continuation Coverage to Lillian Haydel, as required by 29 U.S.C.A. § 1166. *Id*.

Plaintiffs allege that the medical providers who provided treatment to Lillian Haydel have sought payment for services rendered directly from Plaintiffs and have sought the aid of debt collectors in an attempt to recover such payment. *Id*. They allege that HBS's denial of coverage has resulted in negative ratings to their credit history and that they have been forced to pay substantial medical costs, including prescriptions, directly out-of-pocket. *Id*. They claim that as a result of HBS's actions, Lillian Haydel has been rendered uninsurable and that consequently, she was unable to receive necessary rehabilitative treatment following her medical treatment in 2008. *Id*. at 4. They claim she has also been forced to forego routine checkups, tests, and treatment. *Id*. Plaintiffs allege that HBS has failed to provide them with benefits owed as beneficiaries and that they have been wrongfully denied such benefits. *Id*. at 5. As a result, they claim they have been forced to pay out-of-pocket for considerable medical costs, for which coverage under the Plan should have been provided. *Id*.

Plaintiffs further claim that pursuant to 29 U.S.C.A. § 1132(a)(1)(B), they are entitled to recover the benefits owed to them under the Plan. *Id*. They claim this includes defendant's payment of Lillian Haydel's medical bills, out-of-pocket expenses, as well as compensatory

2

damages for their emotional distress. *Id*. Plaintiffs also made a claim for injunctive relief in the form of an order requiring defendant to provide notice to and/or advise credit reporting agencies to take any and all corrective action as it pertains to Plaintiffs' credit ratings. *Id*. at 6. Finally, Plaintiffs made a claim for penalties under 29 U.S.C.A. § 1132(c)(1) which they claim provides for a penalty of up to $100.00 per day from the date of defendant's failure to provide notice of termination of coverage and COBRA Continuation Coverage as required by 29 U.S.C. § 1166, and also seek attorneys's fees under 29 U.S.C. § 1132(g)(1). *Id.*

Defendant HBS argues in its motion that it is not the proper defendant to Plaintiffs' Section 502(a)(1)(B) claim for benefits brought under ERISA. Rec. Doc. 4. Section 502(a)(1)(B) of ERISA permits a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). Defendant claims that Plaintiffs have wrongly sued it to recover medical benefits because, they allege, a claim for benefits under ERISA section 502(a)(1)(B) can only be brought against the employee benefit plan itself. Rec. Doc. 4-2 at 3.

Defendant cites *Sullivan v. Monsanto Co.*, 555 F.Supp.2d 676, 685 (E.D. La. 2008), in which the court held that "the Plan is the only proper party for any cause of action under section (a)(1)(B) for recovery of Plan benefits" and dismissed the plaintiff's claim against all of the defendants named in the complaint except the employee benefit plan itself. It also cites *Roig v. Limited Long Term Disability Program*, 2000 U.S. Dist. LEXIS 11379, at *27 (E.D. La.), *aff'd*, 275 F.3d 45 (5th Cir. 2001), in which the same conclusion was reached. See also: *Cuccia v. Roberson Advertising Services, Inc.*, 2004 U.S. Dist. LEXIS 19486, at *5 (E.D.La.)("... the health care plan is the only proper defendant to a claim for benefits under ERISA."). Defendant argues

that because it is the "third-party administrator of the 'health insurance plan,'" the Plaintiffs have no claim against it for benefits under ERISA and that Plaintiffs' ERISA claim against HBS should be dismissed. Rec. Doc. 4-2 at 4.

In their memorandum in opposition, the Plaintiffs argue that discovery is required to properly assess the validity of defendant's motion. Rec. Doc. 5 at 2. They "readily concede" that Transit Management of Southeast Louisiana, and not HBS, may be the proper defendant but they argue that they should be allowed to conduct preliminary discovery to confirm whether or not HBS was in fact acting only as a third-party administrator. *Id*. Finally, the Plaintiffs state that even if they may not bring their claim for benefits against HBS, they may still bring a claim for any and all equitable relief against it under 29 U.S.C.A. § 1132(a)(3)(B). *Id*. at 3. They argue that the damages recoverable pursuant to 29 U.S.C.A. § 1132(a)(3)(B) are substantially similar to those recoverable under 29 U.S.C.A. § 1132(a)(1)(B), namely repayment of out-of-pocket expenses paid by Plaintiffs as a result of HBS's wrongful denial of coverage and any and all other incidental damages resulting therefrom. *Id*. Plaintiffs conclude that they do have a valid claim against HBS and that therefore, their claims should not be dismissed.

The Defendant filed a reply to Plaintiffs' opposition, arguing that in an action for recovery of plan benefits pursuant to ERISA 502(a)(1)(B), an employee benefit plan is the *only* proper party. Rec. Doc. 9-3 at 1. It argues that because HBS is not an employee benefit plan, discovery is not necessary to evaluate its role with respect to the Plaintiffs' health insurance plan and that therefore any claims against it should be dismissed. *Id*. at 4. Finally, Defendant argues that the Plaintiffs have not brought an additional claim for benefits under ERISA section 502(a)(3). *Id*. at 6.

## II. LAW & ANALYSIS

4

Under 29 U.S.C.A. § 1132(a)(3), "A civil action may be brought ... by a participant, beneficiary, or fiduciary ... to enjoin any act or practice which violates any provision of this title or the terms of the plan, or ... to obtain other appropriate equitable relief ... to redress such violations or ...  to enforce any provisions of this title or the terms of the plan." Under ERISA, in a claim for "wrongful denial of benefits," the proper party defendant is "the plan itself or a person who controls the administration of benefits under the plan." *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 Fed.Appx. 556 (3rd Cir. 2009).  In *Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997), the Eleventh Circuit held that the plaintiffs' employer, as plan administrator, was the proper party defendant, rather than the insurer, which did not exercise any discretion, responsibility or control over the administration of the plan.  In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065 (1996), the Supreme Court held that the plaintiff's employer was acting as an ERISA fiduciary when it misled employees regarding the security of their benefits if they transferred from one plan to another.  The Supreme Court looked at the specific facts of the case to determine whether the plaintiff's employer was acting in its capacity as an ERISA "fiduciary" when it misled the beneficiaries and whether the employer violated the fiduciary obligations that ERISA imposes upon plan administrators. *Id.* at 492.  The Supreme Court ultimately determined that because the employees could have thought that the employer was "communicating with them *both* in its capacity as employer *and* in its capacity as plan administrator," in that situation the employer was the proper party defendant. *Id.* at 498.

The Plaintiffs have not made any allegation or provided any facts that would support a finding that Defendant is the proper party defendant in an action brought pursuant to Section 1132(a)(1)(B).  This Court agrees with its colleague in *Sullivan,* that "the Plan is the only proper party for any cause of action under section (a)(1)(B) for recovery of Plan benefits."  The Plaintiffs

in *Sullivan* had the same argument as the Plaintiffs in this case, that "dismissal of the individual Defendants at this stage of the litigation is premature because discovery will provide the specifics of the non-Plan Defendants role in this matter." *Sullivan*, 555 F.Supp.2d at 685.

Plaintiffs argue, however, that even if their claim for benefits is dismissed, they may still make a claim for any and all appropriate equitable relief. Rec. Doc. 5 at 3. They specified that they are seeking repayment of out-of-pocket expenses paid by Plaintiffs as a result of HBS's wrongful denial of coverage and any and all other incidental damages resulting therefrom. *Id*. The Defendant responded to Plaintiffs' argument, pointing out that Plaintiffs have *not* asserted a claim under 29 U.S.C. § 1132(a)(3)(B) in their Complaint. Rec. Doc. 9-3 at 6. Despite this circumstance, the Plaintiffs have not sought amendment to add such a claim, which is therefore not before the Court.[2]

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by Defendant, HealthSmart Benefit Solutions, Inc. f/k/a American Administrative Group, Inc. is GRANTED. Rec. Doc. 4.

New Orleans, Louisiana, this 28th day of August, 2009.

    _____
    **HELEN G. BERRIGAN**
    **UNITED STATES DISTRICT JUDGE**

---

[2] The Court does not address the merits of any such claim.

6