UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLENN HAYDEL<br>AND LILLIAN HAYDEL | * * * | CIVIL ACTION NO 09-3032 |
| VERSUS | * * | SECTION "C" |
| HEALTHSMART BENEFIT<br>SOLUTIONS, INC. f/k/a<br>ADMINISTRATIVE GROUP, INC | * * * | MAG. DIV. (3) |

*********************************************************************

### RTA'S REPLY MEMORANDUM IN RESPONSE TO
### PLAINTIFFS' OPPOSITION TO RTA'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

The Regional Transit Authority (hereinafter referred to as "RTA") submits this reply memorandum in response to Plaintiffs' opposition to RTA's 12b6 motion.

The RTA's motion to dismiss Plaintiffs' breach of contract claims against it is based on the fact that the RTA was not a party to the contract which provided that Plaintiffs would be granted COBRA benefits. The breach of contract claims are the only claims asserted by the Plaintiffs against the RTA in this litigation.

In Paragraph X of the Plaintiffs' amended complaint, they reference a contract dated March 1, 2005, in which RTA allegedly "warranted that it would take any and all actions to ensure that Plaintiffs would be considered participants in the TMSEL plan…" The only contract signed on March 1, 2005 that contains such an obligation is the Stock Purchase Agreement between Metro New Orleans Transit, Inc. **and** Interregional Transit, Inc. ("Stock Purchase Agreement"). The Stock Purchase Agreement states "**Interregional** [rather than RTA] warrants that it will take all necessary steps to ensure that Haydel and his spouse are considered plan participants to the extent necessary to trigger COBRA rights which would allow Haydel to

1

purchase, at his expense, coverage for him and his wife" (emphasis ours).[1] The contract speaks for itself. The RTA was not a party to the Stock Purchase Agreement between Interregional Transit, Inc. and Metro New Orleans Transit, Inc., and Interregional (not the RTA) warranted that the Plaintiffs would be placed on the TMSEL plan for COBRA purposes. Therefore, the Plaintiffs have failed to state a cause of action against the RTA for breach of contract.

Faced with this certainty, Plaintiffs now assert language from a separate contract, the Compromise Agreement between Metro New Orleans Transit, Inc., Glenn A. Haydel, the Regional Transit Authority, and James J. Reiss, Jr. ("Compromise Agreement"), by arguing that RTA agreed in that contract to ensure the Haydels were provided with COBRA benefits. The Compromise Agreement does not contain any mention of the TMSEL health plan, health benefits, or COBRA benefits. Nevertheless, the Plaintiffs point to paragraph 3.1 of the Compromise Agreement in support of their claims against the RTA in this matter. Paragraph 3.1 states:

> 3.1   **Interregional's Purchase of TMSEL**: The parties acknowledge that contemporaneously with this Agreement, RTA has entered into a cooperative endeavor agreement entitled "Transit System Cooperative Endeavor Agreement between Regional Transit Authority and Interregional Transit, Inc." which, among other things, obligates Interregional to purchase all of the capital stock of TMSEL ("TMSEL Stock") from Metro. The parties also acknowledge that the stock transaction will be accomplished by a separate instrument executed by Interregional and Metro. Metro warrants that it owns the TMSEL stock free and clear of any liens and encumbrances, and that it will consummate the transfer of TMSEL Stock to Interregional. Haydel agrees to the transfer, and warrants that he will perform all actions necessary to complete the transfer in his capacity as Metro's shareholder, its director, and its President. **RTA agrees to the transfer and warrants that it will perform all actions necessary to facilitate the stock transfer, and warrants that Interregional will consummate the transaction.** The completion of the stock transfer described in this paragraph is a condition of all parties' obligations under this Agreement.

---

[1] See Defendant's Exhibit A to original memorandum in support of Motion to Dismiss, Contract, Section 4(d).

2

A complete reading of Paragraph 3.1 clearly indicates that it referred only to Interregional's Purchase of the TMSEL stock. Moreover, RTA only warranted the actions necessary to facilitate the stock transfer and that Interregional would consummate the stock purchase. There is no mention of health benefits for the Haydels in the Compromise Agreement, much less in paragraph 3.1. In sum, the RTA did not warrant that the Haydels would be placed on TMSEL's health plan.

Based on the foregoing, the Plaintiffs have failed to state a cause of action against the RTA and the claims against the RTA should be dismissed with prejudice.

Respectfully submitted,

TERRILL W. BOYKIN (#18132)
KRISTE TALTON UTLEY (#25268)
LORI A. WATERS (#29636)
SHAUNDRA M. WESTERHOFF (#32007)
BOYKIN & EHRET
A Professional Law Corporation
400 Poydras Street, Suite 1540
New Orleans, LA 70130
Telephone:    (504) 527-5450
Facsimile:    (504) 527-5436

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by facsimile transmission and/or by U.S. Mail, properly addressed and postage prepaid this 8th day of December, 2009.

SHAUNDRA M. WESTERHOFF