UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLEN HAYDEL | * | CIVIL ACTION NO 09-3032 |
| AND LILLIAN HAYDEL | * | |
| | * | |
| VERSUS | * | SECTION "C" |
| | * | |
| HEALTHSMART BENEFIT | * | |
| SOLUTIONS, INC. f/k/a | * | MAG. DIV. (3) |
| ADMINISTRATIVE GROUP, INC | * | |

*********************************************************************

## RTA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

**NOW INTO COURT**, through undersigned counsel, comes the Regional Transit Authority ("RTA"), who in answer to Plaintiffs' First Supplemental and Amended Complaint, responds as follows:

I.

The allegations contained in paragraph I of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

II.

The allegations contained in paragraph II of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

III.

The allegations contained in paragraph III of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

1

IV.

The allegations contained in paragraph IV of Plaintiffs' First Supplemental and Amended Complaint are admitted to the extent that the RTA is a body politic of the State of Louisiana domiciled in New Orleans, Louisiana. The remaining allegations are denied.

V.

The allegations contained in paragraph V of Plaintiffs' First Supplemental and Amended Complaint are admitted to the extent that this Court has jurisdiction over the claims asserted in Plaintiffs' complaint against RTA. In all other respects, the allegations are denied.

VI.

The allegations contained in paragraph VI of Plaintiffs' First Supplemental and Amended Complaint are admitted to the extent that venue is proper in this district over the claims asserted in Plaintiffs' complaint against RTA. In all other respects, the allegations are denied.

VII.

The allegations contained in paragraph VII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

VIII.

The allegations contained in paragraph VIII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

IX.

The allegations contained in paragraph IX of Plaintiffs' First Supplemental and Amended Complaint are denied.

X.

The allegations contained in paragraph X of Plaintiffs' First Supplemental and Amended Complaint are denied.

XI.

The allegations contained in paragraph XI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XII.

The allegations contained in paragraph XII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XIII.

The allegations contained in paragraph XII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XIV.

The allegations contained in paragraph XIV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XV.

The allegations contained in paragraph XV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XVI.

The allegations contained in paragraph XVI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XVII.

The allegations contained in paragraph XV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XVIII.

The allegations contained in paragraph XV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XIX.

The allegations contained in paragraph XIX of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XX.

The allegations contained in paragraph XX of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXI.

The allegations contained in paragraph XX of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXII.

RTA reasserts all responses and answers to the allegations contained within paragraphs I-XXI of Plaintiffs' First Supplemental and Amended Complaint.

XXIII.

The allegations contained in paragraph XXIII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXIV.

The allegations contained in paragraph XXIV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXV.

The allegations contained in paragraph XXV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXVI.

The allegations contained in paragraph XXVI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXVII.

The allegations contained in paragraph XXVII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXVIII.

The allegations contained in paragraph XXVII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXIX.

The allegations contained in paragraph XXIX of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXX.

RTA reasserts all responses and answers to the allegations contained within paragraphs I-XXI of Plaintiffs' First Supplemental and Amended Complaint.

XXXI.

The allegations contained in paragraph XXXI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied as written.

XXXII.

The allegations contained in paragraph XXXII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXXIII.

The allegations contained in paragraph XXXIII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XXXIV.

RTA reasserts all responses and answers to the allegations contained within paragraphs I-XXI of Plaintiffs' First Supplemental and Amended Complaint.

XXXV.

The allegations contained in paragraph XXXV of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXXVI.

The allegations contained in paragraph XXXVI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXXVII.

The allegations contained in paragraph XXXVII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied for insufficient knowledge and information to justify a belief therein.

XXXVIII.

RTA reasserts all responses and answers to the allegations contained within paragraphs I-XXI of Plaintiffs' First Supplemental and Amended Complaint.

XXXIX.

The allegations contained in paragraph XXXIX of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XL.

The allegations contained in paragraph XL of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XLI.

The allegations contained in paragraph XLI of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XLII.

The allegations contained in paragraph XLII of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

XLIII.

RTA reasserts all responses and answers to the allegations contained within paragraphs I-XXI of Plaintiffs' First Supplemental and Amended Complaint.

XLIV.

The allegations contained in paragraph XLIV of Plaintiffs' First Supplemental and Amended Complaint are denied.

XLV.

The allegations contained in paragraph XLV of Plaintiffs' First Supplemental and Amended Complaint are denied.

XLVI.

The allegations contained in paragraph XLV of Plaintiffs' First Supplemental and Amended Complaint are denied.

XLVII.

The allegations contained in the Prayer for Relief of Plaintiffs' First Supplemental and Amended Complaint do not require a response from RTA; however, to the extent required, the allegations are denied.

**AND NOW** further answering Plaintiffs' First Supplemental and Amended Complaint, Defendant, the Regional Transit Authority ("RTA") affirmatively pleads the following defenses. Should any of these defenses be deemed inconsistent in any way, then they should be considered as being pled in the alternative:

### First Affirmative Defense

Plaintiffs' First Supplemental and Amended Complaint fails to state a claim against RTA upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims against the RTA are pre-empted by federal law, including but not limited to ERISA.

### Third Affirmative Defense

Plaintiffs were not employees of RTA.

### Fourth Affirmative Defense

Plaintiffs have failed to state a valid claim for breach of contract. Plaintiffs have not and cannot establish the necessary elements to sustain a claim for breach of contract.

### Fifth Affirmative Defense

RTA affirmatively denies that it failed to perform any obligation to plaintiffs.

### Sixth Affirmative Defense

RTA affirmatively denies there is privity of contract between the RTA and Plaintiffs for coverage under the TMSEL Plan.

### Seventh Affirmative Defense

RTA affirmatively denies that plaintiff sustained any damages as alleged in plaintiffs' complaints as a result of any action of RTA.

### Eighth Affirmative Defense

RTA affirmatively pleads all applicable statutes of limitations, prescriptive periods, and laches.

### Ninth Affirmative Defense

Plaintiffs have failed to mitigate their alleged damages.

### Tenth Affirmative Defense

Plaintiffs' First Supplemental and Amended Complaint fails to state a claim which would entitle them to an award of penalties against RTA.

### Eleventh Affirmative Defense

If it is determined that plaintiffs were injured or that RTA is responsible for damages, both of which are expressly denied, RTA pleads the Louisiana Governmental Claims Act contained within La. R.S. 13:5101, *et seq.* and specifically pleads the statutory cap and other provisions contained within La. R.S. 13:5106 and the cap on interest contained within La. R.S. 13:5112. Separate and apart from any alleged injury or fault, RTA also pleads the venue rules contained within La. R.S. 13:5104 and the prohibition of jury trials contained within La. R.S. 13:5105.

### Twelfth Affirmative Defense

Any damages sustained by Plaintiffs were caused solely by Plaintiffs' own fault, solely by the fault of others for whom RTA has no responsibility or by the concurrent fault of Plaintiffs together with others for whom RTA has no responsibility.

### Thirteenth Affirmative Defense

Plaintiffs are estopped by reason of their conduct, actions, or omissions from pursuing their claim and from recovery against RTA on any purported claims for relief.

### Fourteenth Affirmative Defense

Plaintiffs, by their acts or omissions, have waived any and all claims and purported claims for relief.

### Fifteenth Affirmative Defense

Plaintiff are barred in equity from recovery on their complaints, or on any complaint contained therein, under the doctrine of unclean hands.

### Sixteenth Affirmative Defense

Plaintiffs' actions and their claims / demands are barred by the doctrines of unclean hands, estoppel, release, extinguishment, compromise, waiver, acquiescence, ratification, and/or plaintiffs' own fault, negligence and/or contributory negligence.

### Seventeenth Affirmative Defense

RTA is entitled to set-off or an offset of any damages awarded plaintiffs.

### Eighteenth Affirmative Defense

RTA is entitled to recover attorney's fees and costs due to the frivolous nature of Plaintiffs' claims.

### Ninteenth Affirmative Defense

RTA hereby gives notice that it intends to rely on such other defenses that may become available or appear during discovery proceedings in this case and hereby reserve the right to amend its answer to assert any such defense.

**IN FURTHER DEFENSE**, although it does not appear from Plaintiffs' petition that they are asserting any claims under ERISA against RTA, out of an abundance of caution, RTA affirmatively pleads the following:

### Twentieth Affirmative Defense

Plaintiffs lack standing to bring a civil enforcement claim under ERISA.

### Twenty-First Affirmative Defense

RTA is not subject to the regulations of ERISA.

### Twenty-Second Affirmative Defense

Plaintiffs complaint is vague and ambiguous as it relates to claims under 29 U.S.C. § 1332.

### Twenty-Third Affirmative Defense

Plaintiffs have failed to state a cause of action against RTA, pursuant to 29 U.S.C. § 1132, because they are not "participants" under the statutory definition under ERISA.

### Twenty-Fourth Affirmative Defense

Plaintiffs have failed to state a cause of action against RTA, pursuant to 29 U.S.C. § 1132, because they are not "beneficiaries" under the statutory definition under ERISA.

### Twenty-Fifth Affirmative Defense

All of Plaintiffs claims, other than those involving ERISA, are pre-empted by ERISA and by federal law.

### Twenty-Sixth Affirmative Defense

RTA denies that Plaintiffs were ever "employees" of TMSEL. Therefore, they are not "qualified beneficiaries," as statutorily defined, entitling them to ERISA and/or COBRA benefits under the TMSEL Plan.

### Twenty-Seventh Affirmative Defense

Plaintiffs are not eligible for health benefits as "participants" under the TMSEL Plan documents and therefore are not entitled to ERISA and/or COBRA Benefits.

### Twenty-Eighth Affirmative Defense

The Plaintiffs did not experience a "qualifying event" which entitled them to COBRA notification. Alternatively, Plaintiffs were provided adequate notice of termination of benefits.

### Twenty-Ninth Affirmative Defense

Plaintiffs failed to pay health benefit premiums as required by COBRA to preclude the termination of benefits.

### Thirtieth Affirmative Defense

In the event Plaintiffs are determined to be plan participants or beneficiaries of the TMSEL Plan, which RTA denies, Plaintiff Glen Haydel, was terminated for gross misconduct and therefore not entitled to COBRA benefits.

### Thirty-First Affirmative Defense

In the event Plaintiffs are determined to be "participants" or "beneficiaries" of the TMSEL Plan, which RTA denies, Plaintiffs' health benefits were properly terminated after 18 months of coverage under COBRA, as allowed under the TMSEL Plan.

### Thirty-Second Affirmative Defense

TMSEL enrolled Plaintiffs in the TMSEL health plan as COBRA members only and Plaintiffs were provided notice, actual and constructive, that COBRA benefits were to be provided for 18 months only from the date of enrollment.

### Thirty-Third Affirmative Defense

At all times, RTA's actions were in compliance with all applicable federal and state laws and regulations.

### Thirty-Fourth Affirmative Defense

The Plaintiffs have failed to exhaust their administrative remedies with respect to all or part of the claims asserted.

### Thirty-Fifth Affirmative Defense

RTA affirmatively pleads the doctrines of payment, release, compromise, settlement, accord and satisfaction, set-off, estoppel, and wavier.

### Thirty-Sixth Affirmative Defenses

In the event Plaintiffs are determined to be "participants" or "beneficiaries" and to have been damaged by RTA's actions or inactions, which RTA denies, RTA pleads the provisions of the TMSEL health plan relating to clerical errors.

## COUNTERCLAIM

**FURTHER,** RTA asserts the following counterclaim against Plaintiffs, Glen and Lillian Haydel:

### I.

Plaintiffs, Glen and Lillian Haydel, were provided health benefits, through the TMSEL health plan and agreed to pay premiums and fees for the same.

### II.

Plaintiffs failed to submit payments for the premiums, fees or any other payments due.

### III.

Therefore, RTA seeks recovery of all premiums and fees due and for all payments made on behalf of Glen and Lillian Haydel as a result of their enrollment in the TMSEL Health Plan.

### IV.

RTA further prays for all other general and equitable relief.

**WHEREFORE**, defendant, the Regional Transit Authority, prays that its Answer, Affirmative Defenses, and Counterclaim be deemed good and sufficient and that after due proceedings had, there be judgment in favor of defendant, dismissing plaintiffs' complaint, at plaintiffs' cost, and granting defendant's counterclaim, and for all general and equitable relief.

Respectfully submitted,

_____
TERRILL W. BOYKIN (#18132)
KRISTE TALTON UTLEY (#25268)
**SHAUNDRA M. WESTERHOFF (#32007)**
**BOYKIN EHRET & UTLEY**
A Professional Law Corporation
400 Poydras Street, Suite 1540
New Orleans, LA 70130
(504) 527-5450 phone
(504) 527-5436 facsimile

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by facsimile transmission and/or by U.S. Mail, properly addressed and postage prepaid this 6th day of May, 2010.

_____
SHAUNDRA M. WESTERHOFF

15